## UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | |
|---|---|
| Heather Anastasiou<br><br>                Plaintiff,<br>v.<br><br>The United States of America<br><br>                Defendant, | Case No:<br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff Heather Anastasiou, by its undersigned counsel, hereby brings this Complaint against Defendant the United States of America for a refund of withholdings paid to the United States of America and on information and belief alleges as follows:

## INTRODUCTION

1. Plaintiff Heather Anastasiou brings this action for a refund of withholdings in the amount of $109,534.00 from the Internal Revenue Service ("IRS") for the 2013 tax year, pursuant to the Canada-United States Tax Treaty, Article XXII, Paragraph 3, which states that losses incurred by a resident of Canada with respect to wagering transactions shall be deductible to the same extent that such losses would be deductible if they were incurred by a resident of the United States.

## THE PLAINTIFF

2. The Plaintiff, Heather Anastasiou, is a Canadian citizen residing in Toronto, Ontario, Canada. She is not a U.S. citizen or resident, nor is she considered a U.S. person under the Internal Revenue Code.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(a)(2), because Ms. Anastasiou is not a resident of the United States nor does she have a principal place of business in any United States judicial district.

5. This suit is timely under 26 U.S.C § 6532(a).  The Plaintiff filed IRS Form 743 claim for refund on September 19, 2016, and no reply was received for greater than 6 months.

## FACTUAL BACKGROUND

6. The Plaintiff is a citizen and resident of Canada. Her taxpayer identification number is 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.

7. The Plaintiff timely filed her 2013 tax return on February 14, 2014.

8. During the tax year in question the Plaintiff visited casinos in the United States.

9. The Plaintiff incurred gambling losses from her United States casino visits during the 2013 tax year.

10. The IRS sent the Plaintiff Form 4564, Information Document Request on December 12, 2014.

11. The Plaintiff provided the IRS with requested documentation to substantiate the losses of $365,092.00.

12. A Notice of Deficiency was issued for the 2013 tax year on July 22, 2015 showing a deficiency in the amount of $109,526.80 and penalties in the amount of $21,905.36 under Section 6662(a) of the Internal Revenue Code.

13. The Plaintiff's tax refund from the subsequent year was applied to satisfy the tax deficiency for the year in question.

14. The Plaintiff submitted Form 843 – Claim for Refund and Request for Abatement on September 19, 2016.

15. No reply has been received in response to Plaintiff's claim for refund.

## ARGUMENT

16. The Plaintiff realleges and incorporates by reference all of the allegations in all of the proceeding paragraphs.

17. Article XXII, Paragraph 3 of the Canada-United States Tax Treaty allows a resident of Canada to deduct losses incurred from wagering transactions to the same extent that such losses would be deductible if they were incurred by a resident of the United States.

18. The Plaintiff incurred gambling losses of $365,092.00 for the 2013 tax year.

19. The Plaintiff has supplied documentation furnished by the casino to support the losses claimed and the related withholdings that meets the criteria set forth in Revenue Procedure 77-29, 1977-2 C.B. 538.

20. The United States Tax Court, is a court of record established by Congress under Article I of the U.S. Constitution. When the Commissioner of Internal Revenue has determined a tax deficiency, the taxpayer may dispute the deficiency in the Tax Court before paying any disputed amount. The Tax Court's jurisdiction also includes the authority to redetermine transferee liability, make certain types of declaratory judgments, adjust partnership items, order abatement of interest, award administrative and litigation costs, redetermine worker classification, determine relief from joint and several liability on a joint return, review certain collection actions, and review awards to whistleblowers who provide information to the Commissioner of Internal Revenue on or after December 20, 2006.

21. The Defendant issued a Notice of Deficiency; however, the Plaintiff's tax refund from the subsequent year was applied to the tax deficiency and as such the U.S. Tax Court has no jurisdiction to hear the Plaintiff's appeal under Rule 13 of the Court.

## Prayer for Relief

22. The Plaintiff asks this Court to refund withholdings in the amount of $109,534.00 plus interest, and any punitive damages the Court sees fit.

23. Grant any and all other relief this Court deems just and equitable.

Dated: October 27, 2017

Respectfully Submitted

/s/ Mark A. Feigenbaum

Mark A. Feigenbaum (Bar ID 492260)
1137 Centre Street Suite 201
Thornhill, Ontario Canada L4J 3M6
(905) 695-1269
(905) 695-1268 Fax
mark@feigenbaumlaw.com
*Attorney for Plaintiff*